FILED
 2015 Dec-21  AM 10:27
 U.S. DISTRICT COURT
     N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **SHANNON HIETH RAMEY,** ) | |
| ) | |
| **Movant/Defendant,** ) | |
| ) | **Case Numbers:** |
| vs.  ) | **2:14-cv-8009-CLS-JEO** |
| ) | **(2:03-cr-0220-CLS-JEO)** |
| ) | |
| **UNITED STATES OF AMERICA,** ) | |
| ) | |
| **Respondent.** ) | |

## MEMORANDUM OPINION AND ORDER

This action is before the court on the *pro se* motion to vacate, set aside, or correct sentence, filed by Shannon Heith Ramey, pursuant to 28 U.S.C. §2255.[1]  Mr. Ramey is serving a 180-month sentence imposed by this court following his plea of guilty to possession of a firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), as enhanced pursuant to the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e).  Because the government now expressly concedes that Ramey is due the relief he requests, the court concludes that the motion is due to be granted.

On March 2, 2007, Ramey pled guilty, without a plea agreement, to a charge of being a felon-in-possession of a firearm under § 922(g)(1).  Generally speaking,

---

[1] *See* doc. no. 1 in case no. 2:14-cv-8009-CLS-JEO.

such a conviction authorizes the imposition of a prison sentence of up to 10 years. 18 U.S.C. § 924(a)(2).  However, under the ACCA, if the defendant has three previous convictions "for a violent felony or a serious drug offense, or both," the defendant is subject to a prison sentence of not less than 15 years.  18 U.S.C. § 924(e)(1).  On February 6, 2008, the court sentenced Ramey to a 180-month prison term under the ACCA enhancement after finding that he had three qualifying Alabama state convictions;  one for second-degree burglary, *see* Ala. Code § 13A-7-6, and two for third-degree burglary, *see* Ala. Code § 13A-7-7.  His conviction and sentence were affirmed on direct appeal.  *United States v. Ramey*, 294 F.App'x. 596 (11th Cir. 2008).

    Ramey claims in the instant motion that he was improperly sentenced because his two Alabama convictions for third-degree burglary do not count as violent felonies under the ACCA.  In support, Ramey relies primarily upon *Descamps v. United States*, 570 U.S. ___, 133 S. Ct. 2276 (2013), and the Eleventh Circuit's opinion in *United States v. Howard*, 742 F.3d 1334 (11th Cir. 2014), which applied the analysis in *Descamps* to Alabama's third-degree burglary statute.  The government initially filed a response opposing relief, arguing that Ramey's claim is time-barred under 28 U.S.C. § 2255(f).[2]  The government also maintained in the

---

[2] Doc. no. 7.

2

alternative that Ramey's third-degree burglary convictions might still qualify as violent felonies based upon the "residual clause" of 18 U.S.C. § 924(e)(2)(B)(ii),[3] even if the offense might not qualify as a "generic burglary" under *Taylor v. United States*, 495 U.S. 575 (1990).[4]  Ramey then filed a reply in support of his § 2255 motion.[5]

Subsequently, on June 26, 2015, the Supreme Court issued its opinion in *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), holding that the residual clause of § 924(e)(2)(B)(ii) is unconstitutionally vague.  In light of that decision, the government asked for leave to file a supplemental response in the present case, which was granted.[6]  In its supplemental response, filed August 28, 2015, the government acknowledges that *Johnson* precludes reliance upon the residual clause to support that Ramey's Alabama third-degree burglary convictions might be violent felonies under the ACCA.[7]  The government now admits that, under *Descamps* and *Howard*, those two convictions cannot be deemed violent felonies on

---

[3] The ACCA defines the term "violent felony" to include "any crime punishable by imprisonment for a term exceeding one year ... that — (ii) is burglary, arson, or extortion, involves use of explosives, or *otherwise involves conduct that presents a serious potential risk of physical injury to another*." 18 U.S.C.A. § 924(e)(2)(B)(ii) (emphasis added).  The residual clause is the italicized portion of the above statutory language.

[4] Doc. no. 7.

[5] Doc. no. 9.

[6] Doc. nos. 10-11.

[7] Doc. no. 13 ¶ 3.

the theory that third-degree burglary under Alabama law qualifies a "generic burglary," and the government also expressly withdraws its assertion that Ramey's claim is barred by the statute of limitations.[8]

Based on the government's express concessions, the motion to vacate, set aside, or correct defendant's sentence is GRANTED. A Judgment to correct defendant's sentence consistent with this order will be entered contemporaneously herewith.

DONE and ORDERED this 21st day of December, 2015.

_____
United States District Judge

---

[8] *Id.* ¶ 4.